IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Anquan M Cobb,<br>aka Anquan Montrez<br>Cobb<br>      Petitioner,<br><br>v.<br><br>Warden McKither Bodison,<br>      Respondent. | Civil Action No.: 8:10-919-HFF-BHH<br><br>**REPORT AND RECOMMENDATION**<br>  **OF MAGISTRATE JUDGE** |

  The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. # 18.)

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

  The Petitioner brought this habeas action on April 12, 2010.[1] On August 30, 2010, the Respondent moved for summary judgment. (Dkt. # 18.) By order filed August 30, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 20.) On October 14, 2010, the respondent filed a Supplement to his Summary Judgment Motion setting out additional procedural history which had been inadvertently omitted from the original memorandum filed in support of summary judgment. (Dkt. # 23.) On December 16, 2010, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion. (Dkt. # 31.)

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on April 12, 2010, at the Lieber Correctional Institution mailroom. (Pet. Attach. # 2.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

## PROCEDURAL HISTORY

The Petitioner is currently incarcerated at the Leiber Correctional Institution. In December 2002, the Petitioner was indicted for murder. (App.. 107-108.) Assistant Public Defender Beattie Butler represented Petitioner. On March 15, 2004, the Petitioner entered a negotiated guilty plea to the lesser offense of voluntary manslaughter before the Honorable Thomas L. Hughston. (App. 1-8.) Judge Hughston deferred sentencing until March 19, 2004. (App. 8.) On March 19, 2004, Judge Hughston sentenced the Petitioner to twenty years. (App. 18.). The Petitioner did not file a direct appeal.

On January 20, 2005, the Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

      1) 14th Amendment violation (Equal protection of law);

      2) Subject Matter Jurisdiction; Due Process violation; and

      3) Ineffective Assistance of counsel.

(App. 22.) On September 10, 2007, an evidentiary hearing was held before the Honorable John C. Few. H. Stanley Feldman represented the Petitioner. On November 20, 2007, the PCR judge denied the Petitioner PCR. (App. 100-104.) The Petitioner filed a notice of appeal on December 18, 2007.

The Petitioner was represented by Appellate Defender Lanelle Cantey Durant. On June 26, 2008, Durant filed a *Johnson* Petition for Writ of Certiorari June 26, 2008, raising the following issue: "Did the PCR court err in failing to find counsel ineffective for not insuring that Petitioner's guilty plea was entered freely, voluntarily and knowingly?" (Cert. Pet. at 2.) The appeal was thereafter transferred to the South Carolina Court of Appeals. See Rule 243(l), South Carolina Appellate Court Rules (allowing transfer of PCR appeals to the South Carolina Court of Appeals). On November 25, 2009, the South Carolina Court of Appeals denied the petition, and, on December 11, 2009, issued the remittitur.

On September 6, 2006, while the Petitioner's PCR action was still proceeding in state court, the Petitioner filed his first federal habeas petition in this Court. (C/A No. 8:06-cv-02478-GRA). On October 4, 2006, the undersigned issued a report and recommendation recommending that the petition be dismissed without prejudice and without service on the Respondent because the Petitioner had not yet exhausted his available state remedies. On December 8, 2006, the United States District Court Judge Honorable G. Ross Anderson adopted the report and dismissed the petition without prejudice. The Petitioner appealed to the Fourth Circuit Court of Appeals. On June 6, 2007, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. On July 23, 2007, the Court of Appeals issued the mandate.

Then, on October 11, 2007, while the Petitioner's state PCR action was still pending, the Petitioner filed a second federal habeas petition. (C/A No. 8:07-cv-3343-GRA-BHH). The Respondent moved for summary judgment on the basis that the Petitioner had failed to exhaust his available state remedies. On May 23, 2008, the undersigned issued a report and recommendation recommending that the petition be dismissed without prejudice for failure to exhaust state remedies. On June 19, 2008, the District Court Judge G. Ross Anderson adopted the report and dismissed the action without prejudice for failure to exhaust state remedies.

On April 12, 2010, the Petitioner filed this federal habeas action raising the following grounds for relief:

> **Ground One**: Whether the state court erred in ruling that petitioner did not show that his counsel was ineffective per not insuring that petitioner guilty plea was entered freely, voluntarily and knowingly.
>
> **Ground Two**: Wether the state interferred with petitioner right to counsel.
>
> **Ground Three**: Whether the petitioner trial counsel was under a conflict of interest in regards to both petitioner indigency status and then per trial counsel advancing the interest of the solicitor mandatory plea deal via persisting on petitioner taking

3

>     a plea deal vs. petitioner demanding trial . . . counsel that he
>     wanted a trial.

(Habeas Pet. 6-9 and attachs.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position

is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

### EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must

present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

    A.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the

state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).

The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527,

7

533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir.

1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## DISCUSSION

The Respondent contends that this habeas petition is barred by the statute of limitations. The undersigned agrees.

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *Rouse v. Lee,* 339 F.3d 238, 243 (4th Cir. 2003). The federal time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). However, a "properly filed

application for State post-conviction relief" will toll the time for filing. 28 U.S.C. § 2244 (d)(2).

The record here shows that the Petitioner's federal habeas petition was not timely filed. As the Petitioner failed to pursue a direct appeal, his conviction became final March 29, 2004, ten days after the imposition of his sentence, on March 19, 2004. Rule 203 (b)(2), South Carolina Appellate Court Rules. The Petitioner filed his state PCR application on January 20, 2005, at which point 296 days had run. Thus, the Petitioner would then have 69 days remaining of the one-year period after his PCR proceeding ended in which to file for federal habeas relief. *Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) (holding "the AEDPA provides that upon conclusion of direct review of a the judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court")(emphasis added). The Petitioner's PCR action ended when the state appellate court issued its remittitur on December 11, 2009. However, the Petitioner did not file the instant action until April 12, 2010, one hundred and twenty-one (121) days later. Clearly, the Petitioner's habeas petition is untimely.

The Petitioner argues that he filed he filed his federal habeas petition within a year of his PCR action becoming final. (Pet'r's Mem. Opp. Summ. J. Mot. at 5.) However, as stated above the one-year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244 (d)(1)(A). A "properly filed application for State post-conviction relief" merely tolls the time for filing, 28 U.S.C. § 2244 (d)(2), it does not reset the time for filing.

Without setting forth any specifics, the Petitioner argues his counsel was ineffective. (Pet'r's Mem. Opp. Summ. J. Mot. at 3.) However, generally, ineffective assistance of counsel does not warrant equitable tolling. *See Beery v. Ault,* 312 F.3d 948, 951 (8th Cir. 2002)(*citing Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). Equitable tolling

based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." *United States v. Oriakhi,* No. 08-8224, 2010 WL 3522005, at *1 (4th Cir. Sept. 10, 2010) (unpublished) (citation and quotation marks omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." *Id.*

Here, the Petitioner does not argue any circumstances which would allow the application of equitable tolling to avoid the limitations bar, and none is readily apparent on the record. *See Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96 (1990)(holding generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Accordingly, this action should be summarily dismissed as it is barred by the statute of limitations

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 18) be GRANTED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 20, 2011
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**